OPINION
{¶ 1} Appellant, Robert L. Brown, Jr., appeals from the March 7, 2006 judgment entry of the Willoughby Municipal Court, in which he was sentenced for obstructing official business.
 {¶ 2} On January 11, 2006, a complaint was filed against appellant charging him with one count of obstructing official business, a misdemeanor of the second degree, in violation of R.C. 2921.31(A). Appellant ultimately pleaded not guilty at his initial appearance.
 {¶ 3} A jury trial was held on February 7, 2006.
 {¶ 4} At the trial, Robert Gonzalez ("Sergeant Gonzalez"), an officer with the city of Eastlake Police Department ("EPD"), testified for appellee, the state of Ohio, that he was on duty on January 11, 2006. He patrolled the Wal-Mart parking lot, which is open twenty-four hours, at about 1:15 a.m.
 {¶ 5} Sergeant Gonzalez observed a vehicle operated by appellant parked in the extreme southeast corner of the Wal-Mart parking lot, almost the length of a football field away from the entrance doors of the store. No other vehicles were parked around appellant. His car was not running, nor was it illuminated. At first, Sergeant Gonzalez could not tell if anyone was inside the vehicle. After he circled the car, Sergeant Gonzalez noticed appellant slouched down in the front seat. Sergeant Gonzalez stated that due to appellant's "nonmovement state of unconsciousness[,]" he did not know whether he was ill, injured, or dead.
 {¶ 6} As Sergeant Gonzalez approached the vehicle, he saw appellant curled up with a blanket over top of him and tapped on the window. At first, he did not receive a response, which piqued his suspicion. He tapped on the window again, at which time he started to get a little bit of a stir from appellant. Sergeant Gonzalez identified himself as a police officer and asked appellant to roll the window down. He testified that appellant rolled the window down about two inches. Sergeant Gonzalez asked him to put the window down some more so that they could speak to each other more clearly. Appellant refused before complying.
 {¶ 7} Sergeant Gonzalez asked appellant for his name and identification. Appellant said that he was waiting for a friend but would not give his friend's name. Finally, appellant responded that he was "Rob Brown," but that he did not have any identification. Sergeant Gonzalez then asked appellant for his social security number. The social security number that appellant provided came back to "Robin Brown," a female individual. Also, the birth date that appellant provided did not match the one that came back to the social security number he had given.
 {¶ 8} Vincent Cronin ("Officer Cronin"), an officer with the EPD, arrived at the scene to provide assistance. Sergeant Gonzalez testified that appellant began reaching for something towards the front seat of his vehicle "like he was either hiding something or retrieving something from the front seat." At that time, the officers told appellant to exit his vehicle. Appellant initially refused, then finally complied with the officers' order. After he stepped out of the vehicle, the officers asked appellant to put his hands on the roof of the car. Sergeant Gonzalez stated that appellant refused, and stuck his hands in his pockets. The officers grabbed appellant's hands and appellant started to struggle with them. Appellant was then placed under arrest and handcuffed.
 {¶ 9} On cross-examination, Sergeant Gonzalez stated that he did not receive a complaint from Wal-Mart or from a concerned citizen regarding a suspicious vehicle in the parking lot. Sergeant Gonzalez did not detect an odor of alcohol emanating from appellant. Sergeant Gonzalez received a social security number, which was actually appellant's wife's, after he told appellant that he would be charged with obstructing official business.
 {¶ 10} On re-direct examination, Sergeant Gonzalez said that there was no doubt in his mind that appellant gave him false information. He indicated that appellant later told him that he was stopped previously in Akron, had not paid some tickets, there was a warrant out for his arrest, and that is why he did not provide his correct social security number.
 {¶ 11} Officer Cronin testified for appellee that he was on duty and was called for back-up assistance regarding a suspicious vehicle in the Wal-Mart parking lot. He observed appellant's furtive movements inside the car and agreed with his removal from the vehicle at that time. Officer Cronin indicated that appellant's movements were very excessive, not movements that a normal person would make. Officer Cronin performed the duties of having appellant's vehicle towed and inventoried. He discovered appellant's wallet, which contained his suspended driver's license, underneath the front seat. The license plates on the vehicle did not match the VIN number.
 {¶ 12} On cross-examination, Officer Cronin testified that appellant's suspended driver's license and the fictitious license plates were both determined after he was arrested.
 {¶ 13} At the close of appellee's case, appellant's counsel moved for an acquittal pursuant to Crim. R. 29, which was overruled by the trial court.
 {¶ 14} According to appellant, he went to Wal-Mart around 9:30 p.m., and looked through the electronics department. He did not buy anything because he realized he did not have his wallet. Appellant said that he left the store around 10:00 or 10:15 p.m., and sat inside his car. He thought about a disagreement that he had had with his mother, leaned back in his seat, and fell asleep. Appellant woke up from the sound of Sergeant Gonzalez knocking on his window. He said that he answered Sergeant Gonzalez's questions but did not want to provide his social security number. Appellant finally provided his wife's social security number to Sergeant Gonzalez because the car was in her name. He ultimately provided his correct social security number because he thought he was going to jail.
 {¶ 15} On cross-examination, appellant said that he lied to Sergeant Gonzalez because he did not think that he had a right to know his social security number. Appellant stressed that Sergeant Gonzalez asked fora social security number and he gave him a social security number, his wife's. He indicated that he only gives his social security number to banks. Appellant stated that he did not provide his license to Sergeant Gonzalez because he thought he did not have it. He said that he did not realize that it was underneath his seat. Appellant testified that the license plates on the vehicle did not belong on that car.
 {¶ 16} At the close of the defense's case, appellant's counsel renewed the Crim. R. 29 motion, which was overruled by the trial court.
 {¶ 17} On February 17, 2006, the jury returned a verdict of guilty. Pursuant to its March 7, 2006 judgment entry, the trial court sentenced appellant to ninety days in jail, eighty-six days suspended; ordered him to pay a fine in the amount of $750, $500 suspended; and placed him on six months community control. Appellant's sentence was stayed pending appeal. It is from that judgment that appellant filed a timely notice of appeal and makes the following assignments of error:[1]
 {¶ 18} "[1.] The trial court erred to the prejudice of [appellant] when it denied his motion for acquittal made pursuant to Crim. R. 29(A).
 {¶ 19} "[2.] The trial court erred to the prejudice of [appellant] when it returned a verdict of guilty against the manifest weight of the evidence."
 {¶ 20} In his first assignment of error, appellant argues that the trial court erred by denying his Crim. R. 29(A) motion for acquittal. Appellant alleges that appellee failed to prove beyond a reasonable doubt that he obstructed or delayed the performance of a public official, or that he hampered or impeded a public official in the performance of his lawful duties.
 {¶ 21} In State v. Bridgeman (1978), 55 Ohio St.2d 261, the Supreme Court of Ohio established the test for determining whether a Crim. R. 29 motion for acquittal is properly denied. The Supreme Court stated that: "[p]ursuant to Crim. R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." Id. at syllabus. "Thus, when an appellant makes a Crim. R. 29 motion, he or she is challenging the sufficiency of the evidence introduced by the state."State v. Patrick, 11th Dist. Nos. 2003-T-0166 and 2003-T-0167, 2004-Ohio-6688, at ¶ 18.
 {¶ 22} As this court stated in State v. Schlee (Dec. 23, 1994), 11th Dist. No. 93-L-082, 1994 Ohio App. LEXIS 5862, at 13-14:
 {¶ 23} "`Sufficiency' challenges whether the prosecution has presented evidence on each element of the offense to allow the matter to go to the jury, while `manifest weight' contests the believability of the evidence presented.
 {¶ 24} "`"(* * *)The test (for sufficiency of the evidence) is whether after viewing the probative evidence and the inference[s] drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all of the elements of the offense beyond a reasonable doubt. The claim of insufficient evidence invokes aninquiry about due process. It raises a question of law, the resolutionof which does not allow the court to weigh the evidence. * * *"'
 {¶ 25} "In other words, the standard to be applied on a question concerning sufficiency is: when viewing the evidence `in a light most favorable to the prosecution,' * * * `(a) reviewing court (should) not reverse a jury verdict where there is substantial evidence upon which the jury could reasonably conclude that all of the elements of an offense have been proven beyond a reasonable doubt.' * * *" (Emphasis sic.) (Citations omitted.)
 {¶ 26} "* * * [A] reviewing court must look to the evidence presented * * * to assess whether the state offered evidence on each statutory element of the offense, so that a rational trier of fact may infer that the offense was committed beyond a reasonable doubt." State v.March (July 16, 1999), 11th Dist. No. 98-L-065,1999 Ohio App. LEXIS 3333, at 8. The evidence is to be viewed in a light most favorable to the prosecution when conducting this inquiry. State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus. Further, the verdict will not be disturbed on appeal unless the reviewing court finds that reasonable minds could not have arrived at the conclusion reached by the trier of fact. State v. Dennis (1997), 79 Ohio St.3d 421, 430.
 {¶ 27} In the case at bar, appellant is challenging his R.C. 2921.31(A) obstructing official business conviction.
 {¶ 28} R.C. 2921.31(A) provides: "[n]o person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties."
 {¶ 29} With respect to R.C. 2921.31(A), Ohio courts have held that an individual cannot be found guilty of obstructing official business by doing nothing because the statute specifically requires an offender to act. State v. Brickner-Latham, 3d Dist. No. 13-05-26, 2006-Ohio-609, at ¶ 26, citing State v. Justice (Nov. 16, 1999), 4th Dist. No. 99CA631,1999 Ohio App. LEXIS 5779; State v. McCrone (1989), 63 Ohio App.3d 831;Hamilton v. Hamm (1986), 33 Ohio App.3d 175; and Columbus v. Michel
(1978), 55 Ohio App.2d 46. "[T]he refusal to produce identification upon request by a police officer will not support a finding of obstructing official business." Brickner-Latham, supra, at ¶ 26, citingMcCrone, supra, at 835.
 {¶ 30} The Supreme Court of Ohio held that "the making of an unsworn false oral statement to a public official with the purpose to mislead, hamper or impede the investigation of a crime is punishable conduct within the meaning of * * * [R.C] 2921.31(A)." State v. Lazzaro (1996),76 Ohio St.3d 261, 266.
 {¶ 31} Here, the evidence establishes that appellant provided a false social security number to Sergeant Gonzalez. The record shows that appellant did not mistakenly give Sergeant Gonzalez an incorrect social security number. Rather, on cross-examination, appellant testified that he lied to Sergeant Gonzalez because he did not think that he had a right to know his social security number. Again, appellant stressed that Sergeant Gonzalez asked for a social security number and he gave hima social security number, his wife's. Clearly, appellant purposely made a false statement to Sergeant Gonzalez.
 {¶ 32} However, appellant was sitting in his car on private property. According to Sergeant Gonzalez, he approached appellant's vehicle which was parked far away from the entrance doors of Wal-Mart, a high crime area. We note that a person's mere presence in an area of high crime activity does not suspend the protections of the Fourth Amendment.State v. Chandler (1989), 54 Ohio App.3d 92, 97.
 {¶ 33} Under the Fourth Amendment, a police officer is justified in conducting a brief investigatory [detention] of an individual only if the officer has reasonable suspicion that criminal activity may be afoot. Delaware v. Prouse (1979), 440 U.S. 648, 661; Terry v. Ohio
(1968), 392 U.S. 1, 22. The propriety of the initial stop must be viewed in light of the totality of the surrounding circumstances. Absent any basis for suspecting a defendant of misconduct, the balance between the public interest in crime prevention and the defendant's right to personal security and privacy tilts in favor of freedom from public interference. Brown v. Texas (1979), 443 U.S. 47, 52.
 {¶ 34} In the instant case, appellant's vehicle was not observed in motion. Thus, there could be no reasonable suspicion of any traffic violation. State v. Brown (1996), 116 Ohio App.3d 477, 481. In addition, appellant's conduct was not indicative of criminal behavior since he was not engaged in any type of activity which would lead to a reasonable suspicion that criminal activity was about to take place.
 {¶ 35} Due to Sergeant Gonzalez's "wellness visit," he determined that appellant was not ill, injured, or dead. Based on the record, no crime was committed by appellant. As such, appellant could not mislead, hamper, or impede the investigation of a crime since no crime took place. Thus, appellant should not have been found guilty of obstructing official business. Simply giving an officer a false social security number is not obstruction.
 {¶ 36} Our opinion should not be read as a proscription of an officer's attempt to render assistance to an individual in a parked car who appears to be "unconscious," nor of the investigation of any situation giving rise to a reasonable suspicion of criminal activity. Here, Sergeant Gonzalez was justified and conscientious in observing appellant's vehicle and approaching the car to determine appellant's condition and whether assistance was needed. However, once Sergeant Gonzalez concluded that appellant was not "ill, injured, or dead," and absent any indication of illegal activity, any justification for the detention ceased to exist.
 {¶ 37} Pursuant to Schlee, supra, there does not exist substantial evidence upon which the jury could reasonably conclude beyond a reasonable doubt that all of the elements of the obstructing official business offense have been proven. The trial court improperly denied appellant's Crim. R. 29(A) motion. Appellant's first assignment of error is with merit.
 {¶ 38} In his second assignment of error, appellant contends that the trial court erred when it returned a verdict of guilty against the manifest weight of the evidence. He asserts that the evidence was insufficient to sustain his conviction because it was not competent and credible to prove his guilt beyond a reasonable doubt.
 {¶ 39} Based on our analysis in appellant's first assignment of error, his second assignment is moot. For the foregoing reasons, appellant's first assignment of error is well-taken, and his second assignment is moot. The judgment of the Willoughby Municipal Court is reversed, and judgment is entered for appellant.
WILLIAM M. O'NEILL, J., concurs, DIANE V. GRENDELL, J., dissents.
[1] Appellee filed its appellate brief on August 30, 2006. However, pursuant to this court's September 11, 2006 judgment entry, we indicated that appellee's brief was stricken due to its failure to comply with App. R. 18(A). Appellee did not argue before this Court.