The STATE of Ohio, Appellee,

v.

CROWELL a.k.a. Whitley, Appellant.

[Cite as *State v. Crowell,* 189 Ohio App.3d 468, 2010-Ohio-4917.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 23539.

Decided Oct. 8, 2010.

Robert B. Coughlin, Huber Heights Prosecuting Attorney, for appellee.

Altick & Corwin Co., L.P.A., and Dennis J. Adkins, for appellant.

FAIN, Judge.

{¶ 1} Defendant-appellant, Jerrick Crowell, a.k.a. Andrew Whitley, appeals from his conviction and sentence for obstructing official business. Whitley argues that his conviction is based on insufficient evidence and that it is against the manifest weight of the evidence. Because Whitley committed no affirmative act that hampered or impeded the lawful conduct of the officers, we conclude that Whitley's conviction is not supported by sufficient evidence. Accordingly, the judgment of the trial court is reversed and vacated.

I

{¶ 2} In May 2009, Huber Heights police were dispatched to Whitley's residence after receiving a 9-1-1 call. The officers found the front door of the home open; Rebecca Whitley was standing outside. She was very upset and whimpering, unable to consent to the officers' entering the home either to speak with Whitley or to check on the welfare of their child.

{¶ 3} Standing 20 to 25 feet from the open door, the officers repeatedly yelled for Whitley to come outside. They saw Whitley walk past the open door,

wrapped in just a sheet or towel, but he ignored their request and closed the door. At one point, according to the officers, Whitley closed the front door.

{¶ 4} The officers saw Whitley walk to the master bedroom. They went to that window and ordered Whitley to climb out the window. Whitley told the officers that he was not dressed, and at first, he refused to climb out the window. Ultimately, threatened with tasering, he did comply, climbing out the window despite his lack of clothing. He smelled strongly of alcohol, and his speech was slurred. When asked why he did not come out the front door when first asked, Whitley claimed not to have heard the officers. Whitley denied closing the door, and he claimed that he had been asleep until the baby started crying. The officers found the infant safe and asleep when they entered the home after Whitley had climbed out of the window.

{¶ 5} Whitley was arrested and charged with one count each of obstructing official business, domestic violence, and child endangering. At trial, Whitley's wife refused to testify. At the close of the state's case, the trial court granted Whitley's motion for acquittal on the domestic-violence and endangering charges, but denied the motion as to the obstructing charge. Whitley was found guilty of obstructing official business and was sentenced accordingly. From his conviction and sentence, Whitley appeals.

## II

{¶ 6} Whitley's first assignment of error is as follows:

{¶ 7} "The state failed to present sufficient evidence that defendant performed an affirmative act that actually hampered or impeded public officials in the performance of their duties."

{¶ 8} In his first assignment of error, Whitley argues that his conviction for obstructing official business is not supported by sufficient evidence, because he performed no affirmative act that hampered the investigation. For the following reasons, we agree.

{¶ 9} A sufficiency-of-the-evidence argument challenges whether the state has presented adequate evidence on each element of the offense to allow the case to go to the jury or to sustain the verdict as a matter of law. *State v. Thompkins* (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541. The proper test to apply to such an inquiry is the one set forth in *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus: "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in

a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."

{¶ 10} Whitley was convicted of obstructing official business in violation of R.C. 2921.31(A), which states: "No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public officials official capacity, shall do any act that hampers or impedes a public official in the performance of the public officials lawful duties."

{¶ 11} The state insists that three actions by Whitley were overt acts that could constitute the crime. First, he refused the lawful, repeated demands of the officers to leave his home. Second, he closed the door of his home. Third, he refused to give his name and lied when he claimed that he was sleeping and did not hear the officers telling him to come outside. " 'Ohio courts have consistently held that in order to violate the obstructing official business statute a defendant must engage in some affirmative or overt act or undertaking that hampers or impedes a public official in the performance of the official's duties.' " *State v. Harrell,* Montgomery App. No. 21736, 2007-Ohio-4550, 2007 WL 2504021, ¶ 12, quoting *State v. Prestel,* Montgomery App. No. 20822, 2005-Ohio-5236, 2005 WL 2403941, ¶ 16. A mere failure or refusal to respond to an officer's request does not constitute obstructing official business. Id., citing *State v. Christman,* Montgomery App. No. 19039, 2002-Ohio-2915, 2002 WL 1332034 ("[T]he charge of obstructing official business requires an affirmative act done purposely to hinder the police from performing their duties, and it is not merely a failure to respond to an officer's request"). Whitley's initial refusal to come out of his home amounts to no more than a failure or refusal to respond to an officer's request; it does not constitute an affirmative act that could support a conviction for obstructing official business.

{¶ 12} As to Whitley's closing the front door of his home: while arguably an affirmative act under certain circumstances, here it amounted to no more than a continued refusal to cooperate with the officers. Even if it was an overt act, the state must prove not only the commission of an overt act done with an intent to obstruct the officers, "but it also must prove that [the defendant] succeeded in actually hampering or impeding them." *State v. McCoy,* Montgomery App. No. 22479, 2008-Ohio-5648, 2008 WL 4763231, ¶ 16, citing *State v. Kates,* 169 Ohio App.3d 766, 2006-Ohio-6779, 865 N.E.2d 66, ¶ 21; *State v. Cooper,* 151 Ohio App.3d 790, 2003-Ohio-1032, 786 N.E.2d 88. There was no evidence offered to show that Whitley's action of closing the front door had the effect of hampering or impeding the investigation of the officers, all of whom were standing 20 to 25 feet away. To the contrary, upon seeing Whitley move to the master bedroom,

the officers went to the bedroom window, where they were able to convince Whitley to climb out the window.

{¶ 13} Finally, we turn to Whitley's statements to the police. "[T]he making of an unsworn false oral statement to a public official with the purpose to mislead, hamper or impede the investigation of a crime is punishable conduct within the meaning of R.C. * * * 2921.31(A)." *State v. Lazzaro* (1996), 76 Ohio St.3d 261, 266, 667 N.E.2d 384. Even assuming, arguendo, that Whitley did lie to the officers, there is no evidence in the record that his statements were made with an intent to hamper or impede the investigation, and certainly no evidence that his statements actually had the effect of hampering or impeding the investigation.

{¶ 14} Because Whitley performed no affirmative act that hampered or impeded the investigation, his first assignment of error is sustained.

## III

{¶ 15} Whitley's second assignment of error is as follows:

{¶ 16} "The state failed to present sufficient evidence to demonstrate that defendant acted with purpose or intent to hamper or impede public officials."

{¶ 17} Whitley's third assignment of error is as follows:

{¶ 18} "The state failed to present sufficient evidence that defendants actions were [not] within the scope of his privilege."

{¶ 19} Whitley's fourth assignment of error is as follows:

{¶ 20} "Defendant's conviction is against the manifest weight of the evidence."

{¶ 21} Whitley's first assignment of error having been sustained, his remaining three assignments of error are moot.

## IV

{¶ 22} Whitley's first assignment of error having been sustained, the judgment of the trial court is reversed. His conviction for obstructing official business is vacated.

Judgment reversed.

BROGAN and GRADY, JJ., concur.