[Cite as *State v. Vitantonio*, 2013-Ohio-4100.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2012-L-144** |
| JOHN GEORGE VITANTONIO, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Painesville Municipal Court, Case No. 12CRB01834.

Judgment: Reversed and conviction vacated.

*Edward C. Powers*, Painesville City Prosecutor, 270 East Main Street, Suite 360, Painesville, OH 44077 (For Plaintiff-Appellee).

*Dominic J. Vitantonio*, Argie, D'Amico & Vitantonio, 6449 Wilson Mills Road, Mayfield Village, OH 44143-3402 (For Defendant-Appellant).

TIMOTHY P. CANNON, P.J.

{¶1} Appellant, John George Vitantonio, appeals the judgment of conviction entered by the Painesville Municipal Court, after a bench trial, on one count of obstructing official business, a second-degree misdemeanor in violation of R.C. 2921.31. Appellant's conviction was premised upon his failure to immediately answer the persistent knocking of law enforcement investigating a disturbance call at his apartment. On appeal, appellant argues the verdict is not supported by sufficient evidence and is also against the manifest weight of the evidence. Given the absence of

an affirmative act, the elements of obstructing official business have not been proven beyond a reasonable doubt. Accordingly, appellant's conviction is based upon insufficient evidence and must be vacated. The judgment is therefore reversed.

{¶2} Appellant was charged with one count of obstructing official business. The matter proceeded to a bench trial where the following was adduced through testimony.

{¶3} In the early morning hours of August 18, 2012, Karlyle Huntington, a resident at Brentwood Apartments, called the City of Painesville Police Department to file a complaint concerning a domestic disturbance from appellant's apartment, her neighbor. Ms. Huntington explained she heard appellant and his girlfriend having an argument and two children yelling and crying. Ms. Huntington testified that, after phoning the police, she went to appellant's apartment and informed him she felt compelled to notify the authorities. According to Ms. Huntington, appellant apologized for the commotion.

{¶4} Painesville Police Sergeant Michael Slocum arrived with backup units to investigate the disturbance call. Sergeant Slocum first interviewed Ms. Huntington, who directed the officer to the apartment door from which the noise previously emanated. It is unclear whether Ms. Huntington notified Sergeant Slocum that she spoke with appellant. Sergeant Slocum knocked at appellant's door and announced his presence, hearing no noise or commotion from inside the apartment. Sergeant Slocum then went outside and observed a light inside appellant's apartment turn off. Returning inside the building, Sergeant Slocum sought the aid of Diana Reed, property manager at Brentwood Apartments. Ms. Reed attempted the master key to unlock appellant's door;

2

however, the locks on the apartment door had been changed. After knocking and attempting entry for approximately 15 minutes, a female opened the door and the officers investigated the disturbance. Appellant explained he was asleep and did not hear the knocks on his door. Appellant, though cooperative with the officer's investigation, was charged with obstructing official business for failing to open the door.

{¶5} Upon consideration of the evidence, the trial court found appellant guilty of the charge and sentenced him to 30 days in jail, with 20 days suspended and the remaining 10 days subject to an optional community work program in lieu of jail. Appellant was also placed on community control for six months and ordered to pay a $100 fine. According to a notation on the entry, the sentence was stayed pending disposition of the appeal. On November 1, 2012, appellant filed a motion for a new trial pursuant to Crim.R. 33(A)(4) based upon insufficient evidence at trial. On the same day, appellant filed a motion to arrest judgment. On November 15, 2012, the trial court denied both motions.

{¶6} On December 12, 2012, appellant filed his notice of appeal. We note appellant's appeal is timely as his motion for a new trial based upon insufficient evidence, made after the entry of conviction, tolled the time for an appeal pursuant to App.R. 4(B)(3)(b).

{¶7} Appellant asserts two assignments of error. Appellant's first assignment of error states:

> There is insufficient evidence to support the judgment of the trial court in finding Appellant guilty of the crime of obstructing official business, where the basis of the conviction is a finding (1) that Appellant failed and/or refused to answer the door to his apartment in response to the persistent knocking of police officers who were responding to a complaint, made by Appellant's neighbor, of a

3

disturbance at Appellant's premises, and (2) that the knocking police officers were possessed with exigent circumstances to enter into the premises.

{¶8} In his first assignment of error, appellant claims there is insufficient evidence by which to support his conviction of obstructing official business.

{¶9} At the outset, appellant did not technically make a Crim.R. 29 motion for acquittal during trial. There is a split of authority—both intra-district and inter-district—concerning whether the failure to make a Crim.R. 29 motion for acquittal results in waiver of the issue of sufficiency on appeal. *See State v. Heiney*, 11th Dist. Portage No. 2006-P-0073, 2007-Ohio-1199, ¶11 (detailing the split of authority though ultimately concluding defendant did not waive sufficiency argument). However, appellant's counsel interrupted the trial court and argued at the close of all evidence that the elements of the charge were not met, citing to extensive case law requiring an overt act to sustain a conviction of obstructing official business. Thus, though not expressly referring to Crim.R. 29, appellant effectively requested acquittal on the grounds that the elements were not met as a matter of law. Appellant, also in the lower court, filed a Crim.R. 33(A)(4) motion for a new trial based upon insufficient evidence which, though technically distinct from a Crim.R. 29 motion by way of its remedy, nonetheless tests the legal sufficiency of the conviction. For these reasons, we cannot conclude appellant waived the issue of sufficiency on appeal.

{¶10} The test for determining the issue of sufficiency is "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus, citing *Jackson*

4

*v. Virginia*, 443 U.S. 307, 315 (1979). Thus, the claim of insufficient evidence invokes a question of due process, the resolution of which does not allow for a weighing of the evidence. *State v. Lee*, 11th Dist. Lake No. 2010-L-084, 2011-Ohio-4697, ¶9.

{¶11} R.C. 2921.31 sets forth the charge of obstructing official business. It states, in relevant part:

{¶12} "(A) No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties."

{¶13} Here, the purported "act" that allegedly impeded law enforcement in the performance of their duty to investigate the reported domestic disturbance was, in fact, a non-act: appellant's failure to open his apartment door. With respect to R.C. 2921.31(A), we previously held that "an individual cannot be found guilty of obstructing official business by doing nothing because the statute specifically requires an offender to act," citing to case law throughout Ohio. *State v. Brown*, 11th Dist. Lake No. 2006-L-064, 2006-Ohio-6872, ¶29. One such case cited with approval in *Brown* is analogous to the case sub judice. In *Columbus v. Michel*, 55 Ohio App.2d 46 (10th Dist.1978), the Tenth Appellate District concluded the defendant's refusal to open the door to his home at the request of police officers investigating a domestic disturbance call did not constitute an act sufficient for an obstructing official business conviction under Columbus City Code 2315.03(A), which mirrors R.C. 2921.31. *Id.* at 48. The Tenth District concluded:

> The court is not unmindful of the situation faced by the officers. It would appear that under the facts of the instant case the officers

5

would have been justified in breaking open the door of the apartment to determine whether anyone was injured in the apartment. However, defendant's failure to open the door to the apartment is not made a crime under Columbus City Code 2315.03.

*Id.*

{¶14} Similarly, in *Lakewood v. Simpson*, 8th Dist. Cuyahoga No. 80383, 2002-Ohio-4086, the Eighth Appellate District examined Lakewood Codified Ordinance 525.07 which prohibits obstructing official business in identical language as R.C. 2921.32. *Id.* at ¶15. There, the defendant dialed 9-1-1 and hung up. Dispatch sent law enforcement units to the address and called back the listed number. The defendant explained to dispatch that he dialed 9-1-1 in error. The police arrived at the defendant's apartment door and persistently knocked. The defendant refused them entry, explaining through the door that everything was fine and they were not needed. *Id.* at ¶2-4. The Eighth District, though noting that exigent circumstances authorized the officers to eventually make a warrantless entry into the apartment, concluded that the defendant's "refusal to respond to the building entrance buzzer, open his door at the officers' request, or consent to their entry are not affirmative acts, but omissions, and L.C.O. 525.07 does not, and cannot prohibit a failure to act." *Id.* at ¶15-16. The Eighth District explained that obstructing official business clearly "does not criminalize a minor delay, annoyance, irritation or inconvenience." *Id.* at ¶16.

{¶15} Similarly here, we are faced with a circumstance where appellant refused to respond to the persistent knocking of law enforcement: a failure to act, *not* in and of itself an affirmative act. Counsel for appellant acknowledged at oral argument that there were exigent circumstances that permitted the police to enter the premises. However, this merely means appellant was without privilege to refuse entry and the police could

6

forcibly enter. Consistent with the express language of the statute, as well as the above-framed case law, the only issue to decide here is whether, beyond a reasonable doubt, appellant performed any act that hampered or impeded law enforcement in their investigation of the call, with purpose to do so. Missing from the evidence before the trial court was *any* act appellant committed to impede the investigation.

{¶16} Moreover, "the State must prove not only the commission of an overt act done with an intent to obstruct the officers, 'but it also must prove that [the defendant] succeeded in actually hampering or impeding them.'" *State v. Crowell*, 189 Ohio App.3d 468, 2010-Ohio-4917 (2d Dist.), ¶12, quoting *State v. McCoy*, 2d Dist. Montgomery No. 22479, 2008-Ohio-5648, ¶16. Here, appellant's act of refusing entry was, at most, an inconvenience for the officers who had to seek out a key and ultimately consider breaking down the door. However, the door opened approximately 15 minutes after the officer began knocking and announcing his presence, at which time the officers investigated the nature of the disturbance and ensured the safety of the occupants.

{¶17} We therefore conclude that, even when viewed in a light most favorable to the prosecution, the elements of obstructing official business have not been met. This holding should not be construed to dilute law enforcement's ability to ardently investigate domestic disputes when there is a reasonable belief that someone is in imminent danger, has been injured, or is in need of immediate assistance. The eerie calm following a reported domestic disturbance, coupled with a light going off in the apartment and no response at the door, provided exigent circumstances to enter the apartment in this case. Appellant was without privilege to refuse entry, and the record indicates law enforcement was indeed prepared to forcibly enter the apartment;

7

however, consistent with *Michel* and *Simpson*, *supra*, this satisfies but one element of the statute criminalizing obstruction and is not dispositive of all other elements.

{¶18} Appellant's first assignment of error has merit.

{¶19} Appellant's second assignment of error states:

> The judgment of the trial court in finding Appellant guilty of the crime of obstructing official business is against the manifest weight of the evidence, where the basis of the conviction is a finding (1) that Appellant failed and/or refused to answer the door to his apartment in response to the persistent knocking of police officers who were responding to a complaint, made by Appellant's neighbor, of a disturbance at Appellant's premises, and (2) that the knocking police officers were possessed with exigent circumstances to enter into the premises.

{¶20} The disposition of appellant's first assignment of error renders the assignment of error concerning manifest weight of the evidence moot.

{¶21} In light of the foregoing, the judgment of the Painesville Municipal Court is reversed. Appellant's conviction for obstructing official business is hereby vacated.

THOMAS R. WRIGHT, J.,

COLLEEN MARY O'TOOLE, J.,

concur.

8