[Cite as *Lakewood v. Abdelhaq*, 2014-Ohio-4572.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100857**

## CITY OF LAKEWOOD

PLAINTIFF-APPELLEE

vs**.**

## FRED ABDELHAQ

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED

Criminal Appeal from the
Lakewood Municipal Court
Case No. 2013 CRB 01521

**BEFORE:** E.A. Gallagher, J., Celebrezze, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** October 16, 2014

**ATTORNEY FOR APPELLANT**

Rick L. Ferrara, Esq.
2077 East 4th Street
Second Floor
Cleveland, Ohio 44114


**ATTORNEY FOR APPELLEE**

Pamela L. Roessner
City of Lakewood
12650 Detroit Avenue
Lakewood, Ohio   44107

EILEEN A. GALLAGHER, J.:

{¶1} Fred Abdelhaq appeals from his conviction rendered in Lakewood Municipal Court. Abdelhaq argues that the appellee, city of Lakewood ("City"), did not support his conviction for obstructing official business with sufficient evidence, that his conviction is against the manifest weight of the evidence, that his conviction violates Abdelhaq's constitutional rights, that the City committed prosecutorial misconduct and that his trial counsel rendered ineffective assistance. Finding merit to the instant appeal, we reverse the decision of the trial court and vacate Abdelhaq's conviction and sentence.

{¶2} On September 9, 2013, officer Alan Beno arrived to the scene of a disabled motor vehicle on the South Marginal off-ramp of Interstate 90, west of McKinley Avenue. When he arrived, Officer Beno saw Samira Zeitoun standing next to the vehicle while her young daughter remained inside. Ms. Zeitoun told Officer Beno that she called Nationwide Insurance to tow her vehicle. After waiting several minutes for the tow truck to arrive, the officer called Kufner Towing to have the vehicle removed.

{¶3} Yasmin Wahdan, Ms. Zeitoun's sister, arrived at the scene, pulled up alongside the disabled vehicle and parked her SUV, blocking a second lane of South Marginal. Ms. Wahdan removed Ms. Zeitoun's daughter from the disabled vehicle and placed her into her own vehicle. Officer Beno ordered Ms. Wahdan to move her vehicle. Ms. Wahdan complied and moved her SUV directly in front of the disabled vehicle.

{¶4} A tow truck from Kufner Towing arrived to remove the disabled vehicle but, because of where Ms. Wahdan had parked her SUV, the driver was unable to immediately

do so. Shortly after Kufner arrived, the appellant, brother to both women, appeared to help his sisters. Abdelhaq approached Officer Beno and asked if he could speak with the tow truck driver in order to make arrangements to have the vehicle privately towed; Officer Beno testified that he allowed Abdelhaq to approach the driver. Abdelhaq and Jerry Bowman, the tow truck driver, were unable to arrange for a private tow and began arguing.

{¶5} Abdelhaq began using his cellular telephone to record the events on South Marginal. The video begins with Jerry Bowman raising his middle finger to appellant as Bowman tows Zeitoun's vehicle. The video shows that Abdelhaq is behind the guardrail and out of the street. The video also records Abdelhaq telling his sisters to get out of the way and for Ms. Wahdan to move her vehicle. The video then records Officer Beno approaching Abdelhaq and asking to see his identification. Officer Beno stated that Abdelhaq was causing a problem, that he was obstructing official business and that he needed to see Abdelhaq's identification. Abdelhaq offered to leave the scene but Officer Beno would not allow him to leave.

{¶6} Officer Beno placed Abdelhaq's sister Zeitoun under arrest and then asked to search Abdelhaq for weapons. Abdelhaq informed Officer Beno that he worked in heating and air conditioning and had a work razor that he used for his job on his person. Officer Beno confiscated the razor and cited Abdelhaq for obstructing official business.

{¶7} The case proceeded to a jury trial and, after a one- day trial, the jury returned a verdict of guilty on the sole count of obstructing official business. The trial court

sentenced Abdelhaq to one year of community control sanctions, a $250 fine, 40 hours of community work service, anger management classes and a suspended jail sentence.

{¶8} Abdelhaq appeals, raising the following assigned errors:

1. Insufficient evidence supported appellant's conviction for obstruction of official business.

2. Appellant's conviction for obstruction of official business was in direct violation of appellant's rights under the First Amendment to the United States Constitution, as applied to the facts.

3. The manifest weight of the evidence did not support appellant's conviction for obstruction.

4. The City of Lakewood committed prosecutorial misconduct.

5. Defense counsel provided constitutionally ineffective assistance.

{¶9} In his first assignment of error, Abdelhaq claims there is insufficient evidence to support his conviction of obstructing official business. We agree.

{¶10} The test for determining the issue of sufficiency is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. "Thus, the claim of insufficient evidence invokes a question of due process, the resolution of which does not allow for a weighing of the evidence." *State v. Vitantonio*, 11th Dist. Lake No. 2012-L-144, 2013-Ohio-4100.

{¶11} Under the Lakewood Municipal Code, the act of obstructing official business is defined exactly as it is in R.C. 2921.31:

No person, without privilege to do so and with purpose to prevent, obstruct or

delay the performance by a public official of any authorized act within his official

capacity, shall do any act which hampers or impedes a public official in the performance of his lawful duties.

{¶12} Here, the purported act that allegedly impeded law enforcement in the performance of their duties was Abdelhaq's "purposeful, affirmative action in delaying the car from being towed." State's brief p. 6. With respect to R.C. 2921.31(A), Ohio courts have repeatedly required an affirmative act for the offense of obstructing official business. *Cleveland Hts. v. Lewis*, 8th Dist. Cuyahoga No. 92917, 2004-Ohio-476. ["[A]n individual cannot be found guilty of obstructing official business by doing nothing because the statute specifically requires an offender to act."] *State v. Brown*, 11th Dist. Lake No. 2006-L-064, 2006-Ohio-6872; *Lakewood v. Simpson*, 8th Dist. Cuyahoga No. 80383, 2002-Ohio-4086.

{¶13} In *Lakewood*, this court examined the same ordinance as in this case. There, the defendant dialed 911 and hung up. Dispatch sent law enforcement units to the address and called back the listed number. The defendant explained to dispatch that he dialed 911 in error. The police arrived at the defendant's apartment door and persistently knocked. The defendant refused them entry, explaining through the door that everything was fine and they were not needed. This court, though noting that exigent circumstances authorized the officers to eventually make a warrantless entry into the apartment, concluded that the defendant's "refusal to respond to the building entrance buzzer, open his door at the officers' request, or consent to their entry are not affirmative acts, but omissions, and L.C.O. 525.07 does not, and cannot, prohibit a failure to act." *Id.* This court explained that obstructing official business clearly "does not criminalize a minor delay, annoyance, irritation or inconvenience." *Id.*

{¶14} Here, we are similarly faced with a circumstance where Abdelhaq did not commit an affirmative act. Although Officer Beno and Kufner driver Bowman testified that Abdelhaq

got in the way of the tow truck as it was towing Zeitoun's vehicle, the cellular phone video directly contravenes their testimony. The video recording shows Abdelhaq behind the guardrail, away from the tow truck and records Abdelhaq telling his sisters to get out of the way.

{¶15} Moreover, "the [City] must prove not only the commission of an overt act done with an intent to obstruct the officers, 'but it also must prove that [the defendant] succeeded in actually hampering or impeding them.'" *State v. Crowell*, 189 Ohio App.3d 468, 2010-Ohio-4917, 938 N.E.2d 1115. Here, Abdelhaq's presence on South Marginal was, at most, an inconvenience for the officer as he dealt with the disabled vehicle blocking traffic. However, the tow truck driver successfully towed Zeitoun's vehicle, removing the obstacle from the road and allowing traffic to freely flow.

{¶16} We, therefore, conclude that, even when viewed in a light most favorable to the prosecution, the elements of obstructing official business have not been met.

{¶17} Abdelhaq's first assignment of error has merit. Our analysis of Abdelhaq's first assigned error renders the remainder of his appeal moot.

{¶18} The judgment of the trial court is reversed. Abdelhaq's conviction and sentence for obstructing official business are hereby vacated.

It is ordered that appellant recover from appellee the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Lakewood Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the

Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

LARRY A. JONES SR., J., CONCURS;
FRANK D. CELEBREZZE, JR., P.J., DISSENTS (WITH SEPARATE OPINION ATTACHED)


FRANK D. CELEBREZZE, JR., P.J., DISSENTING:

{¶19} I respectfully dissent from the majority's position that appellant's conviction for obstructing official business was not supported by sufficient evidence.

{¶20} As stated by the majority, "an individual cannot be found guilty of obstructing official business by doing nothing because the statute specifically requires the offender to act." *Brown,* 11th Dist. Lake No. 2006-L-064, 2006-Ohio-6872, at ¶ 29.

{¶21} I disagree, however, with the majority's holding that appellant did not commit an affirmative or overt act.  Here, tow truck driver Jerry Bowman testified that on the day of the incident, he was dispatched by police to remove a disabled vehicle "that police wanted removed because it was a hazard." Bowman stated the once he arrived at the scene, appellant approached him and asked if Bowman accepted AAA.  Bowman testified that when he informed appellant that he was not an AAA garage, appellant became upset and began "causing an obstruction to me doing my job."  Bowman testified that appellant was standing near the door of his tow truck while videotaping him with his cell phone and yelling that he was going to put Bowman on YouTube.  Bowman stated that appellant's act of "being in his way as he tried to tow [the] hazard on the roadway" caused a "large delay" and that the tow took over 40 minutes to complete.

**{¶22}** Similarly, Officer Alan Beno testified that appellant's conduct "interfered with" and "delayed his performance of getting that hazard [the disabled vehicle] off the roadway."

**{¶23}** Thus, the evidence established that Bowman's duties required him to tow the vehicle due to its hazardous position in the left-hand lane. Officer Beno came to the scene to assist Bowman in the performance of that duty.

**{¶24}** Viewing this testimony in a light most favorable to the prosecution, I believe that a reasonable juror could conclude that appellant's conduct obstructed Officer Beno in the performance of his duty to have the vehicle towed in an orderly and safe fashion. Accordingly, I would find that the state presented sufficient evidence that appellant obstructed or delayed the performance of Officer Beno's lawful duties when he interfered and delayed the tow truck driver's attempt to tow the disabled vehicle. *See State v. Harrell*, 2d Dist. Montgomery No. 21736, 2007-Ohio-4550 (finding that obstruction of official business was supported by sufficient evidence where defendant delayed officers performance of their duties in having a car towed).

**{¶25}** Accordingly, I would overrule appellant's first assignment of error and address his remaining assignments of error.