*917 ALICE M. BATCHELDER, Circuit
Judge, concurring in part and dissenting in part.
Had we considered this ease as it was framed for us on appeal, it would have led not only to the conclusion that the warrant was overbroad, but also that it lacked probable cause and that no amount of trimming could save it. I therefore respectfully concur in part and dissent in part.
I.
It is true that severing the “infirm portions” of a warrant is an acceptable legal remedy when dealing with an overbroad warrant. But the government never made this argument. Instead, it contended that, even if the warrant were overbroad, suppression would be inappropriate because Icenhour’s search fell within the good faith exception set forth in United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). Our next step should have been to consider whether the Leon exception applies here. See Richards, 659 F.3d 527, 542 (6th Cir.2011). A glance at Leon reveals that the good-faith exception does not apply when an officer relies “on a warrant based on an affidavit ‘so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.’ ” Leon, 468 U.S. at 923, 104 S.Ct. 3405 (quoting Brown v. Illinois, 422 U.S. 590, 611, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975) (Powell, J., concurring in part)).
The majority was able to avoid discussing good faith, and thus the latent probable cause issue, only by doing the very thing it finds objectionable in this dissent: raising an argument that was not before us. And it seems to me more appropriate to consider an argument that was raised, albeit without much elaboration, than one that was not raised at all.
II.
A review of the record reveals that probable cause was sorely lacking in this case. Officer Icenhour’s affidavit notes that the offense at issue is obstructing official business in violation of Ohio Revised Code § 2921.31. “[A] police officer is expected to tolerate a certain level of un-cooperativeness, especially in a free society in which the citizenry is not obliged to be either blindly or silently obeisant to law enforcement,” and the obstruction must therefore be more than “mere argument.” State v. Stayton, 126 Ohio App.3d 158, 709 N.E.2d 1224, 1227 (1998). Thus, with the exception of fighting words, “a citizen’s verbal assault on a police officer does not, standing alone, constitute criminal conduct.” Id.[1] Further, “refusal to cooperate with police and provide identification upon request does not constitute obstructing official business.” State v. Prestel, No. 20822, 2005 WL 2403941, at *2 (Ohio Ct. App. Sept. 30, 2005); see also Cleveland Heights v. Lewis, 187 Ohio App.3d 786, 933 N.E.2d 1146, 1151 (2010).
Recording the police is of course an “affirmative act,” but it is fully legal in Ohio. See Ohio Rev.Code § 2933.52(B)(4). And there is no indication that Rarick’s recording hampered Officer Mager in any way. Allowing the police to arrest someone for obstructing official business simply because that person was legally recording them goes against the plain language of § 2933.52(B)(4) and raises serious First Amendment concerns. See Am. Civil Liberties Union of Illinois v. Alvarez, 679 F.3d 583, 607 (7th Cir.2012).
*918 In any event, the state would still have had to show that Rarick acted “with an intent to obstruct the officers,” and that he “succeeded in actually hampering or impeding them.” State v. Crowell, 189 Ohio App.3d 468, 938 N.E.2d 1115, 1117-18 (2010) (internal quotation marks omitted). But nothing in the record before us suggests that Rarick in any way interfered with the performance of Officer Mager’s duties or that the video evidence would have shown as much.[2]
When a warrant lacks probable cause, the applicability of “the [good faith] exception turns on whether a reasonable officer would know that the affidavit failed to establish probable cause.” United States v. Helton, 314 F.3d 812, 824 (6th Cir.2003). Under Leon, we presume that “officers ... have a reasonable knowledge of what the law prohibits.” Leon, 468 U.S. at 919 n. 20, 104 S.Ct. 3405. “This burden is even greater when the officer executing the warrant prepares the affidavit in support of the warrant, drafts the warrant, and applies for the warrant.” United States v. Watson, 498 F.3d 429, 433 (6th Cir.2007). Ohio’s obstruction law applies to the workaday interactions of police officers with the public, and its meaning is well settled. Officer Icenhour should have known that this warrant lacked probable cause.
III.
Having reached this conclusion (a conclusion that the majority does not disagree with except on procedural grounds), it is manifest that no amount of trimming can save the warrant. The evidence should have been suppressed. From the majority’s holding to the contrary I respectfully dissent.

. Rarick's statement "I have killed people” was perhaps threatening, but it did not constitute fighting words. See Greene v. Barber, 310 F.3d 889, 896 (6th Cir.2002) (citing Houston v. Hill, 482 U.S. 451, 462, 107 S.Ct. 2502, 96 L.Ed.2d 398 (1987)).

. That Rarick recorded the interaction appears, if anything, to have helped speed along the arrest, as "Christopher's demeanor changed once he got the phone in record mode” and he was "subsequently arrested.”