[Cite as *State v. Folley*, **2011-Ohio-4539.**]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                        :

    Plaintiff-Appellee                            :
                                 C.A.   CASE   NO. 24221

v.                                                  :                T.C.    NO. 10CRB3191

MICHAL FOLLEY                              :        (Criminal appeal from
                                                          Municipal Court)
    Defendant-Appellant                        :

                                                    :

. . . . . . . . . .

**O P I N I O N**

Rendered on the   9th   day of   September  , 2011.

. . . . . . . . . .

SHAUNA HILL, Atty. Reg. No. 0074569, Assistant City Prosecutor, 335 W. Third Street, Room 372, Dayton, Ohio 45402
      Attorney for Plaintiff-Appellee

THADDEUS A. HOFFMEISTER, Atty. Reg. No. 0081977, University of Dayton Law Clinic, 300 College Park, Dayton, Ohio 45469
      Attorney for Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant Michal Folley appeals her conviction and sentence for one count of obstructing official business, in violation of R.C. 2921.31(A), a misdemeanor of the second degree, and one count of failure to disclose personal information, in violation of R.C. 2921.29(A)(1), a misdemeanor of the fourth degree.

I

{¶ 2} The incident which forms the basis for the instant appeal occurred on April 15, 2010, when Dayton Police Officer Officer Christopher Pawleski responded to a call at an apartment building at 1051 Grafton Avenue in order to investigate a complaint involving an alleged criminal trespass. Specifically, Officer Pawleski testified that dispatch indicated that there was a female causing a disturbance, and the property management wanted her removed. Upon arriving, Officer Pawleski encountered Folley and Frederick Sampson arguing with the assistant property manager and the property manager. Officer Pawleski testified that the assistant property manager repeatedly asked Folley and Sampson to leave, but Folley refused, stating that her mother lived in the apartment building. Folley also stated that she was on the lease, and therefore, did not have to leave. Sampson testified that he was Folley's mother's boyfriend.

{¶ 3} Officer Pawleski testified that he informed Folley that she needed to leave the property, but she began walking towards the entrance to the apartment building. Folley then stated again that she did not have to leave the apartment, thus Officer Pawleski arrested her for criminal trespass and placed her in the back of his cruiser. At that point, Officer Pawleski asked Folley for her name and social security number, but she refused to provide any personal information. Officer Susan Benge arrived on the scene shortly thereafter. Officer Benge testified that she also asked Folley for her personal information, but Folley refused to provide

it.    Officer Benge testified that she was eventually able to obtain Folley's personal information from the leasing office at the apartment building.    Folley was transported to jail and charged with obstructing official business and failure to disclose.

{¶ 4} A bench trial was held on August 2, 2010.    After the close of the State's case, Folley made a Crim. R. 29 motion for acquittal which the trial court overruled.    The trial court subsequently found Folley guilty of obstructing official business and failure to disclose. Folley was sentenced to a jail term of ninety days, eighty-nine days suspended, and non-reporting community control for a period not to exceed six months for obstructing official business.    For the failure to disclose conviction, Folley was sentenced to a jail term of thirty days, twenty-nine days suspended, and non-reporting community control for a period not to exceed six months.    The trial court ordered the sentences to run concurrent to one another.

{¶ 5} It is from this judgment that Folley now appeals

II

{¶ 6} In her first assignment, Folley contends that the trial court erred when it overruled her Crim. R. 29 motion for acquittal made at the close of the State's case because the evidence presented by the State was insufficient as a matter of law to sustain a conviction for obstruction of official business.

{¶ 7} Crim. R. 29(A) states that a court shall order an entry of judgment of acquittal if the evidence is insufficient to sustain a conviction for the charged offense. "Reviewing the denial of a Crim. R. 29 motion therefore requires an appellate court to use the same standard as is used to review a sufficiency of the evidence claim." *State v. Witcher*, Lucas App. No. L-06-1039, 2007-Ohio-3960.    "In reviewing a claim of insufficient evidence, '[t]he relevant

inquiry is whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.' (Internal citations omitted)." *State v. Crowley*, Clark App. No. 2007 CA 99, 2008-Ohio-4636.

{¶ **8**} Folley was convicted of Obstructing Official Business in violation of R.C. 2921.31(A), which states: "No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties."

{¶ **9**} "Ohio courts have consistently held that in order to violate the obstructing official business statute a defendant must engage in some affirmative or overt act or undertaking that hampers or impedes a public official in the performance of the official's lawful duties." *State v. Harrell,* Montgomery App. No. 21736, 2007-Ohio-4550, ¶12, quoting *State v. Prestel,* Montgomery App. No. 20822, 2005-Ohio-5236, ¶16. A mere failure or refusal to respond to an officer's request does not constitute Obstructing Official Business. Id., citing *State v. Christman,* Montgomery App. No. 19039, 2002-Ohio-2915 (the charge of obstructing official business requires an affirmative act done purposely to hinder the police from performing their duties, and it is not merely a failure to respond to an officer's request).

{¶ **10**} In its merit brief, the State argues that Folley's affirmative act was attempting to enter the apartment building after Officer Pawleski arrived at the scene. Folley, on the other hand, argues that her refusal to provide the officers with any

personal information, standing alone, cannot form the basis of a conviction for obstructing official business. In support of her argument, Folley relies on *State v. Prestel*, Montgomery App. No. 20822, 2005-Ohio-5236, which involved the arrest of an individual for obstructing official business. The charge was based on the defendant's refusal to provide personal information upon request from a police officer. *Prestel* is distinguishable from the instant case, however, because the defendant was not under arrest at the time that he refused to provide his personal information, nor was he suspected of any criminal activity. Significantly, the only basis for the defendant's arrest in *Prestel* was his failure to provide the requested personal information.

{¶ 11} As previously noted, the State must prove not only the commission of an overt act done with an intent to obstruct the officers, "but it also must prove that [the defendant] succeeded in actually hampering or impeding them." *State v. McCoy,* Montgomery App. No. 22479, 2008-Ohio-5648, ¶16, citing *State v. Kates,* 169 Ohio App.3d 766, 2006-Ohio-6779, ¶21; *State v. Cooper,* 151 Ohio App.3d 790, 2003-Ohio-1032. In the instant case, Folley refused to provide her personal information to the officers *after* she had already been arrested for criminal trespass and after attempting to walk toward the entrance of the apartment building, both after Officer Pawleski directed her to leave the property. In our view, Folley's affirmative actions before and after her arrest had the effect of hampering or impeding the investigation of the officers. As soon as Folley began walking towards the apartment building counter to Officer Pawleski's directive, she was arrested and placed in the back of his cruiser. Officer Pawleski, as well as Officer Benge, asked Folley for her

personal information again, and she refused to provide it. Officer Benge then had to go to the leasing office in the apartment building in order to acquire Folley's personal information. Folley's refusal to provide identifying information was an affirmative act which clearly interfered with the officers' ability to perform their duties upon the trespass arrest and delayed their clearing of the call. Accordingly, the trial court did not err when it denied appellant's motion for acquittal pursuant to Crim. R. 29.

{¶ 12} Folley's first assignment of error is overruled.

III

{¶ 13} Folley's second and final assignment of error is as follows:

{¶ 14} "THE TRIAL COURT ERRED IN FAILING TO CONSIDER RELEVANT DIRECT EVIDENCE THAT DEFENDANT WAS PRIVILEGED TO BE AT THE PREMISES WHERE THE INCIDENT OCCURRED. SUCH FAILURE IS PLAIN ERROR, AS IT SUBSTANTIALLY AFFECTED DEFENDANT'S RIGHTS AS TO [THE] CHARGED OFFENSES."

{¶ 15} In her second assignment, Folley argues that the trial court erred by failing to fully consider her affirmative defense that she was privileged to be at the apartment complex because she was a co-signor on the lease to her mother's apartment.

{¶ 16} Folley asserts that testimony was adduced at trial which established that she was a co-signor on the lease to her mother's apartment. Folley argues, therefore, that she would have been privileged to be present at the apartment complex where her mother resided. Officer Benge, however, testified that the apartment manager informed her that Folley was not on the lease, but another unnamed family member was. We note that a copy of the lease was not admitted into

evidence and Folley admitted that she did not live at the apartment.

{¶ 17} We also note that although Folley was not ultimately charged with criminal trespass, probable cause for her arrest for trespassing existed because she ignored the directives of both the assistant property manager and Officer Pawleski to leave the property. Even if Folley was privileged to be on the property, which is not established on this record, it is irrelevant to her conviction for obstructing official business, and no issue exists regarding the trial court's consideration of said evidence.

{¶ 18} Folley's second assignment of error is overruled.

IV

{¶ 19} Folley's assignments of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . .

FROELICH, J. and HALL, J., concur.

Copies mailed to:

Shauna Hill
Thaddeus A. Hoffmeister
Hon. Carl Sims Henderson