[Cite as *Brooklyn v. Kaczor*, 2013-Ohio-2901.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98816**

## CITY OF BROOKLYN

PLAINTIFF-APPELLEE

vs.

## ADAM M. KACZOR

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED AND REMANDED

Criminal Appeal from the
Parma Municipal Court
Case No. 2012 CRB 01567

**BEFORE:** E.T. Gallagher, J., Keough, P.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** July 3, 2013

**ATTORNEYS FOR APPELLANT**

Richard J. Stahl
Loretta A. Coyne
18051 Jefferson Park Road
Suite 102
Middleburg Heights, Ohio   44130


**ATTORNEYS FOR APPELLEE**

Hillary Goldberg
Prosecutor
Scott Claussen
Assistant Prosecuting Attorney
City of Brooklyn
7619 Memphis Avenue
Brooklyn, Ohio   44114

EILEEN T. GALLAGHER, J.:

{¶1} Defendant-appellant Adam Kaczor ("Kaczor") appeals a judgment from the Parma Municipal Court finding him guilty of obstructing official business. We find merit to the appeal and reverse the trial court's judgment.

{¶2} Plaintiff-appellee, the city of Brooklyn ("Brooklyn"), charged Kaczor with obstructing official business. At a bench trial, Kaczor testified that in the early morning hours of March 8, 2013, he went for a walk because he was having trouble sleeping. Officer James Roach ("Officer Roach") of the Brooklyn Police Department, testified that he observed Kaczor walking down Ridge Road at 2:30 a.m. and requested his identification. Kaczor denied his request and continued walking. Officer Roach asked Kaczor a second time to stop and talk, but he continued walking. When Officer Roach ordered him to stop and turn around, Kaczor complied and asked Officer Roach why he was stopping him. Officer Roach explained that he thought Kaczor looked young and that he wanted to verify his age to determine whether he was out past curfew. Brooklyn has an 11:00 p.m. curfew for youths under 18 years of age.

{¶3} Kaczor believed that Officer Roach had no legitimate reason for stopping him and refused to state his name or age. Officer Roach arrested Kaczor and transported him to the Brooklyn Police Department. During the booking process, Kaczor identified himself and stated that he was 24 years old. Kaczor was not booked for breaking the

curfew, but was charged with obstructing official business in violation of Brooklyn Ordinances ("B.O.") 525.07.

{¶4} At the conclusion of a bench trial, the court found Kaczor guilty as charged. Under B.O. 525.07(b), obstructing official business is a second-degree misdemeanor. The court sentenced Kaczor to a $100 fine, which the court suspended along with court costs. Kaczor now appeals and raises four assignments of error.

**Sufficiency of the Evidence**

{¶5} In the first assignment of error, Kaczor argues the trial court erred in denying his Crim.R. 29 motion for acquittal. In his second assignment of error, he argues there was insufficient evidence to support his conviction. We address the first and second assigned errors together, because they both challenge the sufficiency of the evidence to support Kaczor's conviction.

{¶6} A trial court shall grant a motion for acquittal when there is insufficient evidence to sustain a conviction. Crim.R. 29(A). The test for sufficiency requires a determination of whether the prosecution met its burden of production at trial. *State v. Thompkins*, 78 Ohio St.3d 380, 390, 1997-Ohio-52, 678 N.E.2d 541. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

**{¶7}** Kaczor was convicted of obstructing official business in violation of B.O. 525.07(a), which states:

> No person, without privilege to do so and with purpose to prevent, obstruct or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties.

This provision is nearly identical to R.C. 2921.31(A), which has five essential elements: "(1) an act by the defendant, (2) done with the purpose to prevent, obstruct, or delay a public official, (3) that actually hampers or impedes a public official, (4) while the official is acting in the performance of a lawful duty, and (5) the defendant so acts without privilege." *State v. Kates*, 169 Ohio App.3d 766, 2006-Ohio-6779, 865 N.E.2d 66, ¶ 21 (10th Dist.); *State v. Melton*, 8th Dist. No. 82765, 2004-Ohio-5483, ¶ 38.

**{¶8}** To prove the crime of obstructing official business, there must be proof of an affirmative or overt act that hampered or impeded the performance of the lawful duties of a public official. *Parma v. Campbell*, 8th Dist. Nos. 79041 and 79042, 2001 Ohio App. LEXIS 4907 (Nov. 1, 2001). "One cannot be guilty of obstructing official business by doing nothing because the text of R.C. 2921.31 specifically requires an offender to act." *State v. Brickner-Latham*, 3d Dist. No. 13-05-26, 2006-Ohio-609, ¶ 26, citing *State v. Justice*, 4th Dist. No. 99CA631, 1999 Ohio App. LEXIS 5779 (Nov. 16, 1999). Thus, a defendant's refusal to provide his driver's license to an officer on request, does not constitute obstructing official business. *Middletown v. Hollon*, 156 Ohio App.3d 565, 2004-Ohio-1502, 807 N.E.2d 945, ¶ 32 (12th Dist.), citing *State v. McCrone*, 63 Ohio

App.3d 831, 835, 580 N.E.2d 468 (9th Dist.1989). Similarly, the mere refusal to answer a police officers questions regarding one's identity cannot support a conviction for obstructing official business. *Cleveland Hts. v. Lewis,* 187 Ohio App.3d 786, 2010-Ohio-2208, 933 N.E.2d 1146, ¶ 37 (8th Dist.).

{¶9} Brooklyn contends Kaczor committed several acts that qualify as affirmative acts under the statute. It argues that Kaczor first refused to stop on three occasions and "affirmatively continued to evade stopping to engage officer Roach." Brooklyn argues that these acts constitute affirmative acts of obstructing official business. In support of its argument, Brooklyn relies on *State v. Davis*, 140 Ohio App.3d 751, 749 N.E.2d 322 (1st Dist. 2000), and *State v. Folley,* 2d Dist. No. 24221, 2011-Ohio-4539.

{¶10} In *Davis*, the court found sufficient evidence to convict Davis of obstructing official business because he continued to walk away from the police after the police asked him to stop several times. However, *Davis* is distinguishable from the instant case because the police in that case testified that they had observed Davis commit a pedestrian traffic violation before ordering him to stop. In the instant case, Officer Roach admitted that he did not see Kaczor commit any offenses.

{¶11} We find *Folley* similarly inapplicable. Folley refused to provide identifying information after she was already arrested for criminal trespass. *Folley* at ¶ 3, 10. Folley also walked to the entrance of the apartment building where police were investigating a disturbance after they had ordered her to leave the property. *Id.* The court found that Folley's refusal to provide identifying information after her arrest

hampered the officer's ability to perform their duties because one of the arresting officer's had to go to the leasing office in the apartment building to acquire her personal information. Thus, Folley's conviction was based on more than the mere refusal to provide identifying information. *Id.* at ¶ 10-11.

{¶12} Kaczor did not commit an affirmative act prior to his arrest. Officer Roach admitted that he did not observe Kaczor commit any crime or act suspiciously. There were no reports of crimes or suspicious activity that evening. Officer Roach testified that he stopped Kaczor solely under suspicion that he was in violation of Brooklyn's curfew. On being asked to identify himself, Kaczor refused and Officer Roach arrested him.

{¶13} We are mindful of Brooklyn's right to enforce its curfew laws, and we do not fault the police for detaining Kaczor under the circumstances. Police may reasonably suspect and detain someone for being out past curfew. *State v. Wise,* 5th Dist. No. 09 CA 0011, 2010-Ohio-2040, ¶ 18; *Brecksville v. Jones*, 8th Dist. No. 88933, 2007-Ohio-3770, ¶ 18. When the police discovered that Kaczor was 24 years old, they released him because they had no legitimate reason to detain him further. Since Kaczor had not committed any crimes, his mere refusal to provide identifying information to the police, by itself, was insufficient to demonstrate a violation of B.O. 525.07. Therefore, the trial court erred in failing to grant Kaczor's Crim.R. 29 motion for acquittal.

{¶14} The first and second assignments of error are sustained.

{¶15} Having determined that there was insufficient evidence to support Kaczor's conviction, we find the third and fourth assignments of error, which challenge the

manifest weight of the evidence and assert that police detainment of a young looking individual without additional facts is against public policy, are moot.

{¶16} Judgment reversed.   Case is remanded to the trial court to vacate Kaczor's conviction.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Parma Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

EILEEN T. GALLAGHER, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
EILEEN A. GALLAGHER, J., CONCUR