[Cite as *Cleveland v. Crump*, 2013-Ohio-5246.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99516**

## CITY OF CLEVELAND

PLAINTIFF-APPELLEE

vs.

## ELIJAH CRUMP

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED, VACATED, AND REMANDED

Criminal Appeal from the
Cleveland Municipal Court
Case No. 2012 CRB 010578

**BEFORE:** Rocco, J., S. Gallagher, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** November 27, 2013

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Public Defender
By:   Erika B. Cunliffe
        Cullen Sweeney
Assistant Public Defenders
310 Lakeside Avenue
Suite 200
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

Victor R. Perez
Chief Prosecutor
City of Cleveland
By:   Lorraine Coyne
Assistant City Prosecutor
Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KENNETH A. ROCCO, J.:

{¶1} Defendant-appellant Elijah Crump appeals from his conviction for obstructing official business in violation of Cleveland Codified Ordinances ("CCO") 615.06, a second-degree misdemeanor. Because there was no evidence that Crump committed an affirmative act, the evidence was insufficient to sustain the conviction. Accordingly, we reverse the trial court's final judgment and remand the case to the trial court with instructions to vacate the conviction.

{¶2} Crump was convicted following a bench trial. Two witnesses testified: Crump and the arresting officer, Robert Strollo. Officer Strollo testified that he was assigned to a daytime curfew detail on the day of the incident. Officer Strollo observed three males by a bus stop near John Adams High School. Because he suspected that the three males were juveniles, Officer Strollo pulled up to the bus stop, asking them to approach his zone car. Two of the males complied, and showed Officer Strollo their exit passes indicating that they had permission to leave the school campus. According to Officer Strollo, Crump stared at Officer Strollo but remained at the bus stop. Officer Strollo testified that, although Crump was not doing anything illegal at the time, he was under suspicion for being underage.

{¶3} Officer Strollo exited his vehicle and approached Crump, asking Crump if he had identification or an exit pass. Officer Strollo testified that Crump replied, "I don't have an ID." Tr. 4. When Officer Strollo asked Crump where he went to school, Crump pointed to John Adams. Intent on verifying Crump's identity, Officer Strollo

escorted Crump to the backseat of the zone car. When asked, Crump told Officer Strollo that he did not know his social security number. Officer Strollo testified that when he inquired into Crump's name, Crump responded, "I could give you any name and you wouldn't know the difference. I know the law and you can't keep me in here." Tr. 5. On cross-examination, Officer Strollo acknowledged that Crump had not provided him with a fictitious name; rather, he provided no name at all.

{¶4} Officer Strollo then took Crump to John Adams to see if he could be identified by the school staff. Officer Strollo stated that he asked Crump for his name one more time and that Crump replied, "I don't have to tell you. I plead the 5th. I know the law." Tr. 5. At John Adams, the principal was able to identify Crump, and Officer Strollo discovered that Crump was, in fact, 19 years old. Because Crump was an adult, he was not in violation of any curfew laws.

{¶5} Officer Strollo later learned that the state had issued an identification card to Crump. But Officer Strollo also testified that he never found any identification on Crump during the incident.

{¶6} At the close of Officer Strollo's testimony, Crump's attorney entered a motion to dismiss under Crim.R. 29. The motion was based on the city's failure to introduce evidence that Crump committed any affirmative act that had obstructed Officer Strollo's duties. In support of the motion, Crump's counsel pointed to case law in this district holding that a court cannot sustain a conviction for obstruction of official duties if the defendant has not committed an affirmative act. Crump's attorney specified that, in

this district, the mere failure to follow a law enforcement officer's request to identify oneself does not bring one within the ambit of the offense. The trial court denied the motion.

{¶7} Crump testified next. He stated that, at the time of the incident, he was waiting for a bus to take him to a job interview. Crump testified that he did not show Officer Strollo his identification because he had left it in his locker. Crump stated that he did not know his social security number. According to Crump, he did provide Officer Strollo with his name and date of birth, but Officer Strollo took Crump to the school to verify his identity, because Officer Strollo did not believe Crump.

{¶8} Crump's counsel renewed the Rule 29 motion, again alerting the trial court to case law from this district requiring that the defendant commit an affirmative act. Because there was no evidence that Crump took an affirmative act, Crump argued that the trial court should dismiss the case. The trial court denied the motion. In closing, Crump's counsel stated:

> Your Honor, I'll just state, again, one cannot be guilty of obstruction of official business by doing nothing. * * * Obstruction of official business requires an overt act. You will learn, I'm sorry, so I close by saying because he didn't do anything, there was no overt act, and therefore, [he] can't be found guilty * * *.

Tr. 21.

{¶9} In finding Crump guilty, the trial court announced from the bench that Crump had not done anything, "and that's the problem. All he had to do was give the officer his name, and information, and the officer wouldn't have had to sit with him for a half an

hour. I guess one could act by omission or commission and in this case, he failed to act just by providing his name." Tr. 23-24.

{¶10} In his sole assignment of error, Crump argues that the trial court erred in denying his Crim.R. 29 motion, because the evidence was insufficient to support the conviction. We agree and so we sustain the assignment of error.

{¶11} When reviewing the record on a sufficiency challenge, "'the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" *State v. Leonard*, 104 Ohio St.3d 54, 2004-Ohio-6235, 818 N.E.2d 229, ¶ 77, quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. We apply the same standard when reviewing a decision regarding a Crim.R. 29 motion for acquittal. *State v. Hill*, 8th Dist. Cuyahoga No. 99186, 2013-Ohio-3245, ¶ 18.

{¶12} Crump was convicted for violating CCO 615.06(a) which provides that "no person, without privilege to do so and with purpose to prevent, obstruct or delay the performance by a public official of any authorized act within his or her official capacity, shall do any act which hampers or impedes a public official in the performance of his or her lawful duties."

{¶13} At the time of Crump's trial, the law was clear that to sustain a conviction for obstructing official business the prosecution must demonstrate that the accused committed an affirmative act. *Cleveland Hts. v. Lewis*, 187 Ohio App.3d 786,

2010-Ohio-2208, 933 N.E.2d 1146, ¶ 37 (8th Dist.), citing *Cleveland v. Weems*, 8th Dist. Cuyahoga No. 82752, 2004-Ohio-476; *N. Ridgeville v. Reichbaum*, 112 Ohio App.3d 79, 84, 677 N.E.2d 1245 (9th Dist.1996); *Hamilton v. Hamm*, 33 Ohio App.3d 175, 176, 514 N.E.2d 942 (12th Dist.1986).

{¶14} In support of his Crim.R. 29 motion, Crump alerted the trial court to our decision in *Lewis*, where we set forth that the "[m]ere failure to obey a law enforcement officer's request does not bring a defendant within the ambit of this offense," nor does "refusal to provide information to police* * *." *Id.*, citing *Parma v. Campbell*, 8th Dist. Cuyahoga Nos. 79041 and 79042, 2001 Ohio App. LEXIS 4907 (Nov. 1, 2001); *Garfield Hts. v. Simpson*, 82 Ohio App.3d 286, 611 N.E.2d 892 (8th Dist.1992); *State v. McCrone*, 63 Ohio App.3d 831, 580 N.E.2d 468 (9th Dist.1989). Accordingly, the trial court was put on notice that Crump's refusal to identify himself to Officer Strollo could not form the basis for finding Crump guilty of obstructing official business. We are stunned that, even after the trial court was provided with our decision in *Lewis*, it concluded that, although Crump had done "nothing," he was guilty of violating the ordinance by failing to give his name to Officer Strollo.

{¶15} Furthermore, in a recent decision we reversed and vacated a defendant's conviction for obstructing official business on identical facts to those found in the instant case. In *Brooklyn v. Kaczor*, 8th Dist. Cuyahoga No. 98816, 2013-Ohio-2901, ¶ 8, a police officer stopped the defendant under the belief that the defendant was under 18 and out past curfew. The defendant refused to provide the police officer with his name or

age. After the police officer discovered that the defendant was an adult, he charged the defendant with obstructing official business, on the basis that the defendant had not provided his identify to the police officer. On appeal, the defendant argued that there was insufficient evidence to sustain the conviction. The defendant asserted that his failure to identify himself to the police officer was not an affirmative act, as is required under the ordinance.

{¶16} In *Kaczor*, we noted that the defendant had not committed any crime, nor had he acted suspiciously prior to his interaction with the arresting officer. Rather, the arresting officer testified that he stopped the defendant solely on the suspicion that he was in violation of the curfew ordinance, and that he charged the defendant with obstruction of official business based on the defendant's refusal to identify himself to the officer. In reversing and vacating the conviction, we, once again, set forth that: (1) an affirmative act is required to prove the crime of obstructing official business; (2) a defendant cannot be found guilty of the offense by doing nothing; and (3) a defendant cannot be found guilty of the offense by refusing to provide a driver's license to an officer on request, nor by refusing to answer a police officer's questions regarding one's identity. *Id.* Similarly, in the instant case, Officer Strollo believed that Crump was a juvenile, asked Crump to identify himself, and Crump merely refused.

{¶17} The city asserts that Crump's affirmative act was that he lied to Officer Strollo by telling him that he did not have identification when, in fact, he did own a state-issued identification card. But even if lying to an officer about owning

identification would constitute an affirmative act, the evidence in this case does not support the city's contention that Crump lied to Officer Strollo. Officer Strollo testified that, when he asked Crump for identification, Crump told him "I don't have an ID." Tr. 4. The record indicates that Crump did not, in fact, have any identification on his person. Accordingly, we cannot agree with the city's position that Crump provided false information to Officer Strollo. Viewing the evidence in the light most favorable to the city, the chain of events presented in this case is insufficient to sustain a conviction for obstructing official business.

{¶18} We sustain the sole assignment of error, we reverse the trial court's final judgment, and we remand the case to the trial court with instructions to vacate the conviction.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, JUDGE

SEAN C. GALLAGHER, P.J., and
MARY EILEEN KILBANE, J., CONCUR